IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **AVERY MIGUEL PERRY, SR.,** | : | **CIVIL ACTION** |
| *Plaintiff* | : | |
| | : | |
| v. | : | **NO. 22-CV-1973** |
| | : | |
| **ANNA C. FREDERICK, ESQ.,** *et al.*, | : | |
| *Defendants* | : | |

**M E M O R A N D U M**

NITZA I. QUIÑONES ALEJANDRO. J.                                             JUNE 2, 2022

      Before this Court is a Complaint filed by Plaintiff Avery Miguel Perry, Sr., a self-represented litigant, in which he raises claims challenging the representation he received from the Chester County Public Defender's Office in a criminal proceeding. Perry seeks to proceed *in forma pauperis*. For the following reasons, this Court will grant Perry leave to proceed *in forma pauperis* and dismiss the Complaint, with prejudice, for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**I.      FACTUAL ALLEGATIONS**[1]

      A review of the public dockets reflect that on February 10, 2021, Perry pled guilty to simple assault in the Chester County Court of Common Pleas and was sentenced to a term of imprisonment followed by a term of probation. *Commonwealth v. Perry*, No. CP-15-CR00003666-2020 (Chester C.P.). Anna C. Frederick of the Chester County Public Defenders Office served as Perry's appointed counsel in that criminal proceeding. *Id.*

---

[1]     The following allegations are taken from the Complaint and public records of which the Court may take judicial notice. *See Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006).

In the instant civil action, Perry's Complaint raises claims against Frederick based on alleged defects in her representation.[2] It appears that the criminal charge against Perry was based on an altercation with his fiancé, and that he and his fiancé sought to dismiss the charge of which Perry claims he is innocent. (Compl. at 3.) Perry alleges that Frederick nevertheless induced and/or forced him to plead guilty and prevented him from speaking with the judge assigned to his case. (*Id.*) Perry contends that the judge declined to accept his plea, at which point Frederick "pushed [him] through to another judge", who apparently accepted his plea. (*Id.*) Perry also alleges that Frederick prevented him from appealing "to continue to obstruct [his] rights in multiple fashions including [his] right to a fair trial." (*Id.*) Based on the alleged violation of his constitutional rights in connection with his criminal proceeding, Perry brings claims pursuant to 42 U.S.C. § 1983[3] as well as claims under state law. Among other things, he seeks $20,000 in damages and "expungement of the case thus associated." (*Id.* at 4.)

---

[2]    The caption of the Complaint identifies the Defendant as "Anna C. Frederick, Esq.; Chester county public defender" and only Frederick is identified as a Defendant on page two of the complaint. (Compl. at 1-2.) Accordingly, it appears to the Court that Perry intended to name Frederick as the only Defendant, and that "Chester county public defender" in the caption refers to Frederick's title, rather than a second Defendant. However, even if Perry intended to name the Chester County Public Defender or the Chester County Public Defender's Office, the defects in any claims against those Defendants are the same as the defects in Perry's claims against Frederick, as set forth below.

[3]    To the extent Perry cites 18 U.S.C. § 241, that criminal statute does not give rise to a civil cause of action. *See Colon-Montanez v. Pennsylvania Healthcare Serv. Staffs*, 530 F. App'x 115, 118 (3d Cir. 2013) (*per curiam*) ("[T]hese criminal statutes [18 U.S.C. §§ 241 and 242] provide no private right of action for use by a litigant such as Colon–Montanez."). Similarly, to the extent Perry is attempting to bring claims under the Universal Declaration of Human Rights, the United States Court of Appeals for the Third Circuit has recognized that "the Universal Declaration of Human Rights is a non-binding declaration that provides no private rights of action." *United States v. Chatman*, 351 F. App'x 740, 741 (3d Cir. 2009) (citing *Sosa v. Alvarez-Machain*, 542 U.S. 692, 734 (2004)). Accordingly, any claims based on § 241 or the Universal Declaration of Human Rights are dismissed with prejudice.

## II.    STANDARD OF REVIEW

The Court grants Perry leave to proceed *in forma pauperis* because it appears that he does not have the ability to pre-pay the fees to commence this case.  28 U.S.C. § 1915(e)(2)(B)(ii).  This statute also requires the Court to dismiss the complaint if it fails to state a claim.  Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).  "At this early stage of the litigation,' '[the court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)).  Conclusory allegations do not suffice.  *Iqbal*, 556 U.S. at 678.  Furthermore, the court must dismiss any claims over which it lacks subject matter jurisdiction.  Fed. R. Civ. P. 12(h)(3).  As Perry is proceeding *pro se*, this Court construes his allegations liberally.  *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

## III.    DISCUSSION

### A.  Section 1983 Claims

Perry brings constitutional claims against Frederick, his court-appointed public defender, pursuant to 42 U.S.C. § 1983, based on alleged inadequacies in her representation.  "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and

laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). However, " a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981) (footnote omitted); *see also Beaver v. Union Cnty. Pa.*, 619 F. App'x 80, 83 (3d Cir. 2015) (*per curiam*) ("Beaver did not state a claim against either of the public defenders because they were not state actors for purposes of § 1983."); *Angelico v. Lehigh Valley Hosp., Inc.*, 184 F.3d 268, 277 (3d Cir. 1999) ("Attorneys performing their traditional functions will not be considered state actors solely on the basis of their position as officers of the court."). As there is no basis for concluding that Frederick is a state actor, she is not subject to liability under § 1983 and Perry's claims against her are not plausible. Accordingly, they are dismissed with prejudice.[4]

### B. State Law Claims

This Court lack subject matter jurisdiction over Perry's remaining state law claims.[5] The only independent basis for exercising jurisdiction of these claims is 28 U.S.C. § 1332(a), which grants a district court jurisdiction over a case in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." Section 1332(a) requires "'complete diversity between all plaintiffs and all defendants,' even

---

[4] Furthermore, to the extent Perry seeks to challenge his state conviction in federal court, his only avenue for doing so is a *habeas* petition filed pursuant to 28 U.S.C. § 2254 after exhausting state remedies. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) ("[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of *habeas corpus*."); *Davis v. Gauby*, 408 F. App'x 524, 526 (3d Cir. 2010) (*per curiam*) ("The portions of Davis's complaint that . . . charge his attorney with constitutionally inadequate representation, and challenge his sentence fall squarely within *Preiser* and cannot be brought under § 1983.").

[5] The Court declines to exercise supplemental jurisdiction over Perry's state law claims due to the dismissal of all of his federal claims.

though only minimal diversity is constitutionally required. This means that, unless there is some other basis for jurisdiction, 'no plaintiff [may] be a citizen of the same state as any defendant.'" *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 104 (3d Cir. 2015) (quoting *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) and *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010) (internal footnotes omitted)). An individual is a citizen of the state where he is domiciled, meaning the state where he is physically present and intends to remain. *See Washington v. Hovensa LLC*, 652 F.3d 340, 344 (3d Cir. 2011).

Perry does not allege the citizenship of the parties and his use of Pennsylvania addresses for himself and Frederick's address suggests that the parties are not diverse. Further, the amount in controversy does not exceed the jurisdictional threshold. Accordingly, Perry's state claims are dismissed for lack of jurisdiction without prejudice to him refiling those claims in state court if he chooses to do so.[6]

## IV.   CONCLUSION

For the foregoing reasons, the Court will grant Perry leave to proceed *in forma pauperis*, dismiss, with prejudice, his federal claims for failure to state a claim, and dismiss his state law claims, without prejudice, for lack of subject matter jurisdiction. Perry will not be given leave to file an amended complaint because he cannot cure the defects in his claims. An Order follows.

*NITZA I. QUIÑONES ALEJANDRO. J.*

---

[6]   The Court expresses no opinion on the merits of any such claims.